UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEB ENTERTAINMENT LIMITED,<br><br>    Plaintiff,<br><br>vs.<br><br><y8.tv>,<br><br>    Defendants. | **Case No.: 2:15-cv-477**<br><br>**IN REM COMPLAINT FOR VIOLATION OF 15 U.S.C. § 1125(d)** |

Plaintiff Web Entertainment Limited ("WE" or "Plaintiff") brings this complaint against Defendant <y8.tv> and alleges as follows:

## NATURE OF THE ACTION

1. This is an *in rem* action under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), for injunctive relief and other relief relating to the bad-faith registration and use of the <y8.tv> domain name (the "Domain Name"), which infringes upon Plaintiff WE's distinctive Y8 and Y8 Y8.COM trademarks, registered with both the Office for Harmonization in the Internal Market ("OHIM") and with the United States Patent and Trademark Office ("USPTO"), and WE's domain name at <y8.com>.

COMPLAINT

Page 1 of 9

**RANDAZZA LEGAL GROUP**
5202 223rd Street SE
Bothell, Washington 98021
(206) 624-2379 - (206) 535-2930 (fax)

## THE PARTIES

2. Plaintiff is a Hong Kong limited company having its principal place of business at 3F, 65 Wyndham Street, Central District, Hong Kong.

3. <y8.tv> is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is registered by Anastasios Tsiligiannis ("Registrant"), an individual, with his residence at Athanasiou Diakou 7, Agia Paraskevi 15342, Greece. (*See* WHOIS record for <y8.tv>, attached as Exhibit A, and by this reference made a part hereof).

4. On information and belief, the domain name registrar for the Domain Name is Enom, Incorporated, a Washington corporation with its principal place of business at 5808 Lake Washington Blvd. NE, Ste. 300, Kirkland, WA 98033.

## JURISDICTION AND VENUE

5. This action arises, *inter alia*, under Section 2201 of the Judicial Code, 28 U.S.C. § 2201 and Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

6. This Court has subject matter jurisdiction over this action pursuant to Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and Sections 1131 (federal question jurisdiction) and 1338(a) (trademark infringement) of the Judicial Code, 28 U.S.C. § 1331 and 1338(a).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1139(b)(2) and 15 U.S.C. § 1125(d)(2)(C) because the cause of action arises in this District and the *res*, i.e. the Domain Name that is subject to this action, is maintained by a registrar, Enom Incorporated, within the boundaries of this District, and which has its *situs* within this District.

8. This Court has *in rem* jurisdiction over the Domain Name pursuant to 15 U.S.C. § 1125(d)(2), 28 U.S.C. § 1655, and interpretive case law. WE is informed and believes, and therefore alleges, that this Court lacks *in personam* jurisdiction over the Registrant of the Domain Name, which would have been the defendant in a civil action pursuant to 15 U.S.C. § 1125(d)(1). On information and belief, Registrant is an individual who resides in the country of Greece and does not have the requisite contacts for this Court to establish *in personam* jurisdiction over Registrant.

COMPLAINT

Page 2 of 9

**RANDAZZA LEGAL GROUP**
5202 223rd Street SE
Bothell, Washington 98021
(206) 624-2379 - (206) 535-2930 (fax)

9. The Domain Name, registered to Registrant, violates WE's rights in its Y8 and Y8 Y8.COM trademarks, which are protected under 15 U.S.C. §§ 1125(a).

## BACKGROUND
### WE's Trademark Rights

10. We is a private company limited by shares formed in Hong Kong in January 2011. It provides multiple online services, including online video games, virtual reality games, and other entertainment services to users of its <y8.com> website.

11. Complainant's predecessor-in-interest acquired the <y8.com> domain name in November 2006.

12. On or about October 30, 2006, the website located at <y8.com> began displaying the message "Welcome to Y8.com. Y8 is coming soon…" (*See* Archive.org Screenshot of <y8.com> Home Page dated October 30, 2006, attached as Exhibit B, and by this reference made a part hereof). By December 5, 2006, the website looked largely as it does today, containing Plaintiff's distinctive trademarks and online non-downloadable video games. (*See* Archive.org Screenshot of <y8.com> Home Page dated December 5, 2006, attached as Exhibit C, and by this reference made a part hereof).

13. Y8 and Y8 Y8.COM are inherently distinctive "fanciful" marks, as they consist entirely of the coined term "Y8," which has no meaning outside of identifying Plaintiff's provision of services.

14. Through Plaintiff's continued use and promotion, the Y8 and Y8 Y8.COM marks have become distinctive throughout the United States and the world in connection with Plaintiff's services. Internet users have come to distinguish and recognize the legitimacy of Plaintiff's services as a result of this use and promotion, and so Plaintiff's marks are entitled to common law trademark rights.

15. Plaintiff's predecessor-in-interest, Copypaste Limited, applied for a European Community Trademark ("CTM") on September 30, 2010 for the Y8 mark. (*See* CTM Application

COMPLAINT

Page 3 of 9

**RANDAZZA LEGAL GROUP**
5202 223rd Street SE
Bothell, Washington 98021
(206) 624-2379 - (206) 535-2930 (fax)

1  for Y8 Mark, attached as Exhibit D, and by this reference made a part hereof). This application was then assigned to Plaintiff, which assignment was accepted by OHIM on May 16, 2011. (*See* Transfer of Y8 CTM Application, attached as Exhibit E, and by this reference made a part hereof; *see also* Notification of Entry in the OHIM Database, attached as Exhibit F, and by this reference made a part hereof). Plaintiff was granted a CTM registration for the Y8 mark, registration number 009412255, based on this application on August 29, 2011. (*See* CTM registration certificate for Y8 mark, attached as Exhibit G, and by this reference made a part hereof). The effective date of this registration is September 30, 2010. (Exhibit D).

16. Plaintiff was also assigned the Y8, Y8.COM mark on April 18, 2011 after its predecessor-in-interest had filed a CTM application for it. (*See* Assignment of Y8, Y8.COM Mark to Plaintiff, attached as Exhibit H, and by this reference made a part hereof). This application matured into a CTM registration for the mark, registration number 009649609, on July 27, 2011. (*See* CTM registration certificate for Y8, Y8.COM mark, attached as Exhibit I, and by this reference made a part hereof). The effective date of this registration is March 31, 2011. (Exhibit I).

17. Y8 and Y8 Y8.COM are also registered on the Principal Trademark Register of the USPTO under registration numbers 4,130,791 and 4,130,792, respectively. (*See* USPTO registration certificate for Y8 mark, attached as Exhibit J, and by this reference made a part hereof; *see also* USPTO registration certificate for Y8 Y8.COM mark, attached as Exhibit K, and by this reference made a part hereof). Applications for both marks were filed on April 11, 2011, and registrations for both marks were granted on April 24, 2012. (Exhibits J and K).

18. Plaintiff's registrations for the Y8 and Y8 Y8.COM marks are *prima facie* evidence of the validity of the marks, of Plaintiff's ownership of the marks, and of Plaintiff's exclusive right to use the mark in U.S. commerce.

**Registrant's Bad Faith Registration and Use of the Domain Name and Infringement of WE's Y8 and Y8 Y8.COM Marks**

COMPLAINT

Page 4 of 9

RANDAZZA LEGAL GROUP
5202 223rd Street SE
Bothell, Washington 98021
(206) 624-2379 - (206) 535-2930 (fax)

19. The Domain Name incorporates the entirety of Plaintiff's Y8 mark, and differs from Plaintiff's <y8.com> domain name only in that it uses the <.tv> generic top-level domain ("TLD").

20. Upon information and belief, the Domain Name was registered for the purpose of obtaining Internet traffic from visitors who intended to visit Plaintiff's <y8.com> website, but who instead arrived at the <y8.tv> website either by mistyping the TLD or by searching for Plaintiff's website using an Internet search engine and mistakenly clicking on a link to the <y8.tv> website.

21. The website at the Domain Name does not currently provide any services, and in fact does not resolve to anything. It was until recently, however, used to provide services nearly identical to those available on the <y8.com> website. (*See* Screenshot Collected By <domaintools.com> of <y8.tv> dated September 15, 2014, attached as Exhibit L, and by this reference made a part hereof).

22. This change in the use of the <y8.tv> website was the result of an arbitration proceeding before the World Intellectual Property Organization ("WIPO") under the Uniform Domain-Name Dispute Resolution Policy (the "UDRP") brought by Plaintiff against Mr. Tsiligiannis for his bad faith use and registration of the domain name <y8.org>. (*See Web Entertainment, LLC v. Privacy Protection Service Inc. d/b/a PrivacyProtect/Anastasios Tsiligiannis*, Case No. D2014-0632 (WIPO June 18, 2014) (the "WIPO Case"), attached as Exhibit M, and by this reference made a part hereof).

23. The change in use is also due to Plaintiff filing an *in rem* complaint in the United States District Court for the Eastern District of Virginia against the <y8.org> domain name after Mr. Tsiligiannis refused to transfer the <y8.org> domain name to Plaintiff in accordance with the WIPO arbitration panel's order in the WIPO Case. This *in rem* action is styled *Web Entertainment Limited v. <y8.org>*, Case No. 1:14-cv-1416-CMH-IDD.

24. The website at the Domain Name, when it was still active, displayed advertisements redirecting visitors to third-party websites for sales solicitations. Upon information and belief, the Registrant of the Domain Name received compensation when Internet visitors, who

COMPLAINT

Page 5 of 9

RANDAZZA LEGAL GROUP
5202 223rd Street SE
Bothell, Washington 98021
(206) 624-2379 - (206) 535-2930 (fax)

1 were attempting to reach the website at <y8.com>, would click on a link provided by the Domain
2 Name to a third-party website.

3     25. Plaintiff has never authorized the use of the Y8 and Y8 Y8.COM marks within the
4 Domain Name.

5     26. Upon information and belief, the Domain Name does not and cannot reflect the
6 legal name of the registration of the Domain Name.

7     27. Upon information and belief, the Registrant of the Domain Name has not engaged
8 in bona fide noncommercial use or fair use of the <y8.tv> website.

9     28. Upon information and belief, the Registrant of the <y8.tv> Domain Name was
10 aware of Plaintiff's Y8 and Y8 Y8.COM marks prior to his acquisition of the Domain Name.

11     29. Upon information and belief, Registrant registered the Domain Name with the
12 intent to divert Internet visitors away from Plaintiff's <y8.com> website, for commercial gain, by
13 creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the
14 Domain Name and the website located at <y8.tv>.

15     **Registrant's Knowledge of WE and Its Marks Is Evidence of Bad Faith**

16     30. The Registrant of the Domain Name acquired the Domain Name on August 26,
17 2014. (*See* WhoIs Record for August 7, 2014, attached as Exhibit N, and by this reference made a
18 part hereof; *see also* WhoIs Record for August 28, 2014, attached as Exhibit O, and by this
19 reference made a part hereof).

20     31. Shortly after registering the Domain Name, the Registrant used it to provide
21 services nearly identical to those offered by Plaintiff on its <y8.com> website. (*See* Exhibit L).

22     32. Registrant was involved in a previous arbitration proceeding before the World
23 Intellectual Property Organization ("WIPO") against Plaintiff, where the WIPO arbitration panel
24 found that the Registrant was in violation of the Uniform Domain-Name Dispute Resolution
25 Policy ("UDRP") for his bad faith use and registration of the domain name <y8.org>, which was
26 confusingly similar to Plaintiff's Y8 and Y8 Y8.COM marks. *See* Exhibit M.

27

COMPLAINT

Page 6 of 9

RANDAZZA LEGAL GROUP
5202 223rd Street SE
Bothell, Washington 98021
(206) 624-2379 - (206) 535-2930 (fax)

33. Registrant's registration of the Domain Name occurred after the WIPO decision was handed down and the registrar there was ordered to transfer the <y8.org> domain name to Plaintiff.

34. Registrant registered the Domain Name during the pendency of another *in rem* action under the ACPA brought by Plaintiff against the <y8.org> domain name in the U.S. District Court for the Eastern District of Virginia, Case No. 1:14-cv-1416-CMH-IDD.

35. Registrant was thus demonstrably aware of the Y8 and Y8 Y8.COM marks and their significant reputation in connection with the provision of online video games prior to his acquisition of the Domain Name. This is, in fact, the very reason Registrant acquired the Domain Name.

36. Registrant also had constructive knowledge of Plaintiff's marks as early as September 30, 2010 due to the CTM application for the Y8 mark filed by Plaintiff's predecessor-in-interest, Copypaste Limited.

37. Registrant's knowledge of Plaintiff, the Y8 AND Y8 Y8.COM marks, and this use of the marks by Plaintiff's predecessor-in-interest is evidence of Registrant's bad faith in selecting, acquiring, registering, and using the Domain Name.

**Registrant's Actions Are Likely to Cause Confusion**

38. Registrant's selection, acquisition, registration, and use of the Domain Name is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Registrant with Plaintiff, or as to the origins, sponsorship, or approval of Registrant's Domain Name by Plaintiff, thereby causing loss, damage, and injury to Plaintiff. The extent of potential confusion among Internet visitors between Registrant's Domain Name and Plaintiff's marks is substantial.

39. Registrant's use of the Domain Name does, and will likely continue to, falsely suggest a relationship between Registrant's Domain Name and Plaintiff's services.

COMPLAINT

Page 7 of 9

**RANDAZZA LEGAL GROUP**
5202 223rd Street SE
Bothell, Washington 98021
(206) 624-2379 - (206) 535-2930 (fax)

**FIRST CLAIM FOR RELIEF**
**Violation of the Federal Anti-Cybersquatting Consumer Protection Act**
**15 U.S.C. § 1125(d)**

40. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs of this Complaint.

41. Plaintiff is the owner of the distinctive, famous, and federally registered Y8 and Y8 Y8.COM marks.

42. Plaintiff's marks are distinctive of Plaintiff's services, for which they continuously have been used and registered, and were distinctive since at least as early as when the Domain Name was registered.

43. Registrant has no rights in Plaintiff's marks or the Domain Name.

44. Registrant's Domain Name is confusingly similar to Plaintiff's marks.

45. Registrant has registered, trafficked in, used, and is using the Domain Name with the bad faith intent to profit from Plaintiff's marks.

46. Registrant's actions constitute a violation of Lanham Act § 43(d), 15 U.S.C. § 1125(d).

47. Plaintiff has been, is now, and will continue to be irreparably harmed by Registrant's aforementioned acts, and, unless enjoined by the Court, Registrant's unauthorized use of the Domain Name will continue, and there is no adequate remedy at law for the harm caused by Registrant's acts.

48. Upon information and belief, this Court lacks *in personam* jurisdiction over the Registrant, who would otherwise be the defendant in an action under 15 U.S.C. § 1125(d).

49. Because Plaintiff owns the exclusive rights to the Y8 and Y8 Y8.COM marks, and Registrant has no rights to them whatsoever, it is appropriate for this Court to declare Plaintiff the rightful owner of the Domain Name and order the prompt transfer of the Domain Name to Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

COMPLAINT

Page 8 of 9

**RANDAZZA LEGAL GROUP**
5202 223rd Street SE
Bothell, Washington 98021
(206) 624-2379 - (206) 535-2930 (fax)

1. (i) Declare, adjudge, and decree that Plaintiff is the sole legal and equitable owner of the Domain Name;

2. (ii) Direct that the Domain Name be transferred and registered to Plaintiff; and

3. (iii) Award such other and further relief that this Court may deem just and equitable.

DATED: March 27, 2015

RANDAZZA LEGAL GROUP

By: /s/ Robert Apgood
Robert Apgood (WSBA No. 31023)
Of counsel
Randazza Legal Group
5202 223rd St. SE
Bothell, WA 98021
Phone: (206) 624-2379
Email: rob@carpelaw.com

Marc J. Randazza (pro hac vice pending)
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
Phone: (702) 420-2001
Email: ecf@randazza.com

Attorneys for Plaintiff
